**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER LYNN MOTHERSHEAD, | No. 22-35756 |
| Petitioner-Appellee, | D.C. No. 3:21-cv-05186-MJP-JRC |
| v. | |
| DEBORAH JO WOFFORD, Superintendent, Washington Corrections Center for Women, | MEMORANDUM* |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted August 23, 2023
Seattle, Washington

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Deborah Jo Wofford, Superintendent of the Washington Corrections Center

for Women, appeals from the district court's order granting an evidentiary hearing

in connection with Washington State prisoner Jennifer Lynn Mothershead's

28 U.S.C. § 2254 habeas petition. We have jurisdiction over this interlocutory

appeal under 28 U.S.C. § 1292(b). We reverse and remand.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court erred in its predicate determination that Mothershead's claim was procedurally barred and not subject to review under § 2254(d). *See ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1132–33 (9th Cir. 2022) (explaining interlocutory jurisdiction extends to issues material and inextricably tied to order under review). The Washington Supreme Court rendered the "last reasoned [state court] decision." *See Tamplin v. Muniz*, 894 F.3d 1076, 1086 (9th Cir. 2018). Although the court noted that the Washington Court of Appeals also denied Mothershead's petition for failing to submit the necessary affidavit regarding Dr. Pleus's testimony, the Washington Supreme Court held that, in light of the strength of the State's case and the evidence presented at Mothershead's trial, the court of appeals properly concluded that "Mothershead failed to show there is a reasonable probability the testimony of Dr. Pleus would have altered the outcome." The Washington Supreme Court did not clearly rely on a procedural bar; accordingly, we treat its decision as a determination on the merits, which is subject to review under § 2254(d). *See Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008). Review under § 2254(d) is limited to the state court record. *See* § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). Therefore, we need not consider the potential application of § 2254(e)(2) or *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022).

**REVERSED AND REMANDED.**